IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

**FILED**

!APR 2 9 2002

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

BEVERLY BRABHAM
Plaintiff

v.

STATE OF ALABAMA
(Bullock County)

CV-02-T-479-N

## 42 U.S.C.S. 1983 COMPLAINT

The cause of this action is being brought by the Plaintiff under Section 42 USCS 1983.  This Honorable Court is provided with the basis of jurisdiction to hear the case under 28 USCS 1343 (3).  The Plaintiff requests leave to proceed in forma pauperis, as she is unemployed at the present time.

The Plaintiff filed a complaint on January 19, 2001 to prevent any accrual of damages from being time-barred.  It was construed as a challenge to the validity of her June 1996 conviction.  Although the Plaintiff's habeas corpus was dismissed due to the statute of time, there have been numerous Constitutional rights of hers, violated by the Circuit Court of Bullock County, Alabama.  These violated Constitutional rights, subsequently causing damages to her, would not imply invalidity of the 1996 conviction.

The relief requested by the Plaintiff is a trial by jury, and she requests compensatory, punitive, injunctive, and declaratory relief.  She wishes to sue the Bullock County Circuit Court in their official as well as their individual capacity.  They acted under the color of state law to cause harm and severe damage to the Plaintiff.  The Plaintiff was deprived of the following rights, secured by the Federal Constitution:
MARCH 25, 1999

The Plaintiff went to court and was told that a probation would be revoked.  She was presented with an Attorney of theirs that She refused to have represent her.  She was given a week to get her own attorney, but she was told not to leave work and report to jail immediately after work.  This, of course, left her no time to get an Attorney.

(THE PLAINTIFF WILL WRITE IN "FIRST PERSON" UNDER THE DATES
THAT FOLLOW)

1

—2—

MARCH 30, 1999

I was attacked by my estranged (for 10 months) husband at 2:00 a.m. in my home.  A trespassing warrant had been signed on him a week prior to the attack, but was ignored by the City of Union Springs Police Department.  He was arrested by Officer Durwood Freeman and charged with Assault II.  I was not given equal protection of the law.  He was in jail for a very few days, then informally released by the misdemeanor District Judge, Mike Emfinger.  The D.A., Boyd Whigham, claimed that he went before the Grand Jury and there was no evidence to convict. He did not go before a Grand Jury.  During the attack (attempted murder), my leg was broken, my head was cut open (requiring 8-10 stitches), and multiple bruises.  I also ended up with thousands in medical bills as a result, and the court did absolutely nothing about the crime.  There were two witnesses who heard Terry Jordan, the attacker, threaten to "kill me before he would see me be with anyone else".  This was deliberate and intentional neglect by the State, as well as a deprivation of equal protection of the law.  D.A. boyd Whigham seems to be the culprit behind the vindictiveness of that court toward my family and others he does not like.  Evidence or no evidence, he decides who or what cases will be prosecuted, not the Grand Jury.  I requested a copy of Officer Freeman's report of the bloody massacre, but it was nowhere to be found.  (That is the case with many requested records from Bullock County, even by other citizens.)  Officer Freeman was unable to obtain his own report and is willing to testify as to what he witnessed.  He even returned to my home to take me to the Hospital, as he saw the seriousness of my injuries.  He had been told not to come to my residence.
APRIL 28, 1999

I was unaware that the court had proceeded without my presence and representation.  Three City Police Officers came in my house and kicked in my bedroom door, all pointing rifles in my face.  One of the Officers walked over and propped a rifle on my arm.  I speculate that it was unregistered and unloaded, and that they would be justified in shooting me if I pointed it at them; then they could say that I had possession of a rifle and that they feared their safety, so they shot. Believing that they had been ordered to kill by D.A. Boyd Whigham

— 3 —

or my accuser, J.W. Waters (WHO I WAS NEVER ALLOWED TO FACE),
I did not touch the gun.  I was taken from my home to jail,
my crutches were taken from me, and I was forced to walk with
a full leg cast on. (Cruel and unusual punishment).  I was in
the Bullock County jail for one week, where I was in a one-room
cell with a male and a female.  The three of us were in the
one room.  There was no privacy whatsoever with the commode,
shower, and the 2 beds.  the female was related to the Chief
jailor's wife, and apparently the male was her boyfriend.  That
was the most horrible, horrifying experience of any condition
imaginable to mankind.  I was sick at my stomach, could not
eat, was fearful of rape, and was disgusted by what went on
for that week.  I was exposed to every action and behavior of
that male and female.  I took one shower while the male and
female were under a blanket together.  There was no other choice
about the commode and changing clothes in the male's presence
and vice versa.  It was despicable for lack of a better word
to describe that horrible condition that I was subjected to.
MAY 4, 1999

I was transferred to Tutwiler.
AUGUST 1999

A hearing was held in Bullock County Circuit Court,
and I was represented by the Law Firm of Birdsong and Johnson,
who work together on their cases.  Both were hired to represent
me.  Birdsong had better knowledge of the case, although Johnson
had signed the brief.  D.A. Boyd Whigham was aware of this,
as well as Judge Smithart.  When Birdsong got up to represent
me, Judge Smithart told her to sit down and not say a word,
that Johnson had to represent me "because he had signed the
brief, not her".  This was obstruction of justice to me, because
Had I been able to, I could have had 50 lawyers prpresenting
me!

At this hearing, Judge Gaither, who was in office
from 1996-1999, testified that he had not placed me on probation,
and that I was not on probation in March 1999.  He stated that
he suspended the sentence, pending completion of the CAP program.
As Exhibit C shows, Judge Gaither did not call me back for further
orders beyond the CAP program, completed in May 1997. See Exhibit C.

— 4 —

As expected, D.A. Boyd Whigham nor the Judge did anything to
correct the harmful, deliberate error that had been made. (Con-
spiracy to maliciously prosecute.)  Please see EXHIBIT'S A & B.
SEPTEMBER 1999
          I filed a habeas corpus in Elmore County.  It was
sent to Bullock County Circuit Court.  It was ignored totally,
and has never been properly disposed of.  It was ordered by
the U.S. District Judge as to whether on had been filed, and
D.A. Boyd Whigham ignored the order both times, which was contempt
of a Federal Court.
APRIL 1, 1999
          I was never given any credit for any jail time.  The
original sentence was added to by D.A. Boyd Whigham.  The original
one was 3 split 2 years.  On the above date, he added on to
it by ordering it to be 5 split 2 years.  Based on the August
1999 testimony of Judge Gaither and his Affidavit (Exhibit A)
jeopardy attached on March 25, 1999.  The sentence had been
suspended since July 23, 1996, and it remained suspended by
Judge Gaither, pending the completing of the CAP program.  Judge
Gaither's testimony at the August 1999 hearing revealed that
he had not placed me on probation.
JANUARY 24, 2001
          Based on the hearing on this date, the order from
Judge Smithart on April 16, 2001 places me again in double jeopardy.
 The transcript from this hearing, and the numerous witnesses
to it would remove all doubt about this being double jeopardy.
Judge Smithart reneged on the bargain agreement that was made
on this date.  Cannon v. State 624 So. 2d 238 (1993) states,
"Probation is subject to rejection or acceptance by the convict.
He has an unfettered election in that regard, and the court
order is not effective or operative until it has been accepted
by him."  If this Honorable court deems it necessary, I would
like to request an evidentiary hearing to hear from eye witnesses
who were present.
          Such fundamental unfairness and due process violations
have occurred, that the Plaintiff is due much relief for her
damages.

The Plaintiff prays that this Honorable Court consider these Federally guaranteed rights that have been violated with such serious, reckless indifference. The damage is almost beyond description in words. The losses and harm to her are inumerable; she lost any hope of regaining her career as an R.N. after 18 years; the embarrassment, the prevention of ever getting gainful employment due to post-traumatic stress disorder, nightmares; the feeling of constant dread and doom, daily feelings of hopeless-ness and helplessness from any outside source to check up on the corruption in Bullock County. The Plaintiff does not feel safe in bullock County, due to the wrongs done to her. There was absolutely no evidence to support what she was accused of in 1996. No one is real sure where their hostility and vindictive-ness comes from, but it is believed that the hatred stems from "who" one votes for or supports during an election.

The State of Alabama Court in Bullock County and the individuals involved acted under the color of state-entrusted law to bring such harm, fundamental unfairness, and due process violations. The Police Department was also involved in bringing such harm, and the Plaintiff wishes to include them in the suit. they all seem to operate upon D.A. Boyd Whigham's commands. the Plaintiff wishes to sue them in their personal, as well as their official capacity, for they conspired in concert to bring such malice and heinous actions against the Plaintiff's Constitutional rights. Life, liberty, and the pursuit of happiness were too dearly bought with bloodshed and lives for this behavior toward a human being to be tolerated. The Plaintiff will always maintain that she is innocent of what she was accused of.

The Plaintiff requests that an Attorney be appointed. The complexity of these issues would better serve justice if one with experience was handling the case.

The Plaintiff prays for all relief requested and that it be granted by this Honorable Court.

Respectfully Submitted,

*Beverly Brabham*

Mailing address:

Beverly Brabham

Pro Se Litigant

Beverly Brabham

203 Chunnenuggee Ave.

Union Springs, Al, 36089

STATE OF ALABAMA   )

**AFFIDAVIT**

COUNTY OF BARBOUR)

Before me, the undersigned notary public, personally appeared W. Thomas Gaither, who being by me first duly sworn deposes and says on oath as follows:

"My name is W. Thomas Gaither, and I am a practicing attorney in Eufaula, Alabama. From November 13, 1996 until January 18, 1999 I served in the position of Circuit Judge for the Third Judicial Circuit of Alabama (Barbour and Bullock Counties). During that time I presided over a case styled "State of Alabama vs. Beverly Brabham," Case Number CC-96-54, in the Circuit Court of Bullock County. In that case Ms. Brabham (Defendant) had previously been sentenced, on June 21, 1996, to a term of 3 years, split, with 2 years to serve. On July 31, 1996, according to the Case Action Summary sheet in the court file, there was an Order suspending execution of that sentence and releasing the Defendant on conditions. On April 11, 1997, I entered an Order that the Defendant's sentence remain suspended on the condition she complete the CAPS program in Montgomery. On April 23, 1997 the Defendant again appeared before me and was ordered to enter the CAPS program on an inpatient basis and then "appear before this Court for further orders." I don't recall any further appearances before me by this Defendant and the Case Action Summary does not indicate any other orders by me. I did receive a letter from the Defendant's attorney, dated June 11, 1997, indicating that the Defendant completed the Chemical Addictions Program on May 23, 1997 and would thereafter enroll in out-patient treatment. Since I did not order the Defendant to reappear before me for further orders, I am of the opinion and belief that it was my intention and thereby the Court's Order that the Defendant had completed the terms and conditions of her sentence that were meant to be in lieu of a sentence of imprisonment. I have attached copies of the aforementioned papers or documents to this affidavit."

_W. Thomas Gaither_
W. Thomas Gaither, AFFIANT

SWORN AND SUBSCRIBED BEFORE ME on this _16_ day of _August_, 1999, witness my hand and official seal of office.

_Madine Wright_
Notary Public
My Commission Expires: _December 3, 2001_

Petitioner's
EXHIBIT A

**Affidavit**
February 14, 2000

My name is Mary Esther Corwin.  I am the sister of Beverly Anne Brabham, the Petitioner in case styled #99-T-1374-N.

I believe that, my testimony as a witness to the August 27, 1999 emergency hearing to reconsider her sentence, would be beneficial to the case.

As a spectator, I was appalled at the behavior in that court room that day.

First, Judge Smithart ordered that one of the partners in the law firm that had been hired by the Petitioner for representation, not be allowed to speak on the Petitioners' behalf.  His reasoning was because her partner had signed the briefs.  So she was told to sit down and was prevented from representing Beverly.

Then, Judge Gaither took the stand for testimony.  It was a shock to witness the disrespect and contempt that D. A. Boyd Whigham and Judge Smithart showed to him. Judge Gaither served as Circuit Judge from 1996-1999, the entire time of Petitioners' sentence.  In fact, the sentence she is now illegally imprisoned for, ended during his term in office.  The D. A. tripped him up during his testimony.  However, he was able to finally finish the answer that he was asked.  The question was finally rephrased and asked by the judge himself as were many of the D.A.'s questions.  It was something to this effect:  "now Tommy, you mean to tell me that a felon is not automatically put on probation?"  When he answered, "well yes, but ........", he was rudely cut off and finally managed to complete his sentence like this:  "but in my courtroom, the felon would be well aware of his or her probation and they would be assigned to a probation officer that they would be aware of reporting to each month, but in Beverly's case she was not put on supervised probation, if fact I didn't see anywhere in this file where she was even put on probation at all.  So after I ordered her to complete the in-house CAPS 60 day program and I got a letter of completion, I was satisfied that her sentence was ended."  After this was said, the Judge Smithart was enraged.  He stormed down to the witness stand and grabbed the file and started thumbing through it frantically.  I felt that he had taken on the role of D.A. and was trying Beverly, himself, all over again!  It was my understanding that judges were to be unbiased and impartial considering testimony on both sides.  He was definitely biased and very partial and it was not in the Petitioners' favor.  Indeed, he did discover in the file, that there was NO probation!  Not believing the Petitioner would go any further, he still ruled against her, even with proof that he had revoked a non-existent probation.

I would urge the Federal Court to review the transcript of this hearing, or depose Judge Gaither as I feel it would further vindicate the Petitioner from her unlawful incarceration.

Signed:  Mary E. Corwin

*Mary E. Corwin*

Petitioner's
EXHIBIT  B

ACSO370  A L A B A M A   J U D I C I A L   I N F O R M A T I O N   C E N T E R

CASE ACTION SUMMARY
CIRCUIT  CRIMINAL          CASE: CC 96 000054.00

IN THE CIRCUIT COURT OF  BULLOCK  COUNTY                    JUDGE: WHR
STATE  OF  ALABAMA                VS        BRABHAM BEVERLY
                                           105  HARDAWAY
CASE: CC 96 000054.00
                                           UNION SPRINGS, AL  36089 0000

DOB: 11/29/54  RACE: W  SEX:   F        HT:  0 00  WT: 000  HR:          EYE:
SSN:417808490   ALIAS NAMES:

CHARGE1:STALKING                     CODE1: STAL LIT:STALKING          TYPE:F
CHARGE2:                             CODE2:                            TYPE:
CHARGE3:                             CODE3:                            TYPE:
MORE?:      OFFENSE DATE:            AGENCY/OFFICER: 0090000 COLE

DATE WAR/CAP ISS:                    DATE ARRESTED: 06/07/96
DATE    INDICTED: 06/05/96           DATE     FILED: 06/07/96
DATE    RELEASED: 06/07/96           DATE   HEARING:
     BOND AMOUNT:       $5,000.00              SURETIES: PERSONAL

DATE 1: 06/14/96 DESC:   ARRG        TIME:  0900 A
DATE 2:          DESC:   0000        TIME:  0000

DEF/ATY: Hagood                      TYPE:                              TYPE:
PROSECUTOR: WHIGHAM, BOYD

OTH CSE:                CHK/TICKET NO:                    GRAND JURY: 96S32
COURT REPORTER                   SID NO:
DEF STATUS: BOND         DEMAND:                          OFID: IRJ

| DATE | ACTION, JUDGMENTS, CASE NOTES |
|---|---|
| 6-14-96 | Waiver Filed |
| 6-20-96 | Subpoenas issued |
| 6-21-96 | Plea of Guilt Filed |
| 7-8-96 | Sentencing Order Filed |
| 7-16-96 | Transcript filed - forwarded to Dept of Corr & S.O. wmg |
| 7-19-96 | Notice of Appeal - Docketing Statement & Reporter's Transcript Order filed |
| 7-19-96 | Clerk's Notice of Appeal filed - forwarded to AG, DA, Court reporter, Court of Criminal Appeals, Def. Atty. |
| 7-22-96 | Amended Transcript filed - forwarded to DOC & S.O |
| 7-23-96 | Notice of Appeal filed with order of trial court granting Motion for appeal bond and suspension of sentence filed Motion forwarded to Judge Robertson |
| 7-31-96 | Motion for order suspending execution of sentence & Order suspending sentence and releasing Def. on Conditions filed - forwarded to S.O. by Asst. D.A. |
| 9-5-96 | Motion for order . . . filed - Copy to Judge |
| 9-12-96 | Appeal forwarded to AG, Atty & Court of Criminal Appeals |
| 10-11-96 | Corress filed |

PLAINTIFF'S
EXHIBIT C

| State of Alabama<br>Unified Judicial System<br><br>Form C-7  Rev  2/79 | **CASE ACTION SUMMARY**<br>**CONTINUATION** | Case Number<br><br>ID     YR         Number |
|---|---|---|

Style:

Page Number _____ of _____ Pages

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|
| 12-20-96 | Affirmed by Memorandum filed |
| 1-13-97 | Certificate of Final Judgment of Affirmance filed |
| 3-25-97 | Corress. filed |
| 3-26-97 | Corr. filed. |
| 3/27/97 | Continued to 4/11 in Eufaula. (W2B) |
| 4/11/97 | On hearing States Motion for Order it is hereby Ordered as follows: D's sentence is to remain suspended on the condition she complete the CAPS program in Montgomery - or - if D fails to complete this program, then to appear before this Court for further orders. CRO to follow up. (W2B) |
| 4/23/97 | D and her atty. appeared in Eufaula on the State's Motion - due to D being arrested & charged in Union Springs with Public Intoxication. D is to remain in custody (Bullock Co. Jail) until Friday (5/25) at which time she will enter the CAPS program on an inpatient basis (24 hours/day) - & then upon completion to appear before this Court for further orders. (W2B) |
| 4-25-97 | Motion & Order of 4-22-97 placed in file. |
| 3-24-99 | Motion To Revoke Probation filed. |
| 3-24-99 | Motion Set for 3-25-99 at 9:00 AM  S.O. to Serve Defendant. |
| 3-24-99 | Served on def. |

SOUTH ALABAMA    JUDICIAL INFORMATION CENTER

CASE ACTION SUMMARY
CONTINUATION

CASE: CC 96 000054.00
JUDGE II: WHK

STATE OF ALABAMA                    VS    BRAHHAM BEVERLY

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|
| 4-5-99 | Order g 4-2-99 filed |
| 4-5-99 | Writ of Arrest ordered forwarded to SO |
| 4-29-99 | Def. Arrested — Warrant Executed. |
| 4-29-99 | Transcript filed — copy to SO & DOC |
| 5-5-99 | C-62A |
|  | Motion for Emergency Review to Reconsider - |
| 8-20-99 | Sentence filed. |
| 9-22-99 | Order filed — copy to def. atty ✓ |
| 12-7-99 | Corress. filed |